UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Quintin M. Littlejohn, | ) | C/A No. 6:10-0745-RBH-WMC |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **Report and Recommendation** |
| State of South Carolina;<br>United States of America;<br>Mary Black Hospital, | ) | |
| Respondents, | ) | |

## *Background of this Case*

The petitioner is a resident of Gaffney, South Carolina. In the caption of the petition, the petitioner lists as respondents the State of South Carolina, the United States of America, and the Mary Black Hospital. It appears that the petitioner is challenging a court order that he be given medication, which the petitioner did not want to receive. The petitioner is under an order of pre-filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-35 & n. * (4th Cir. 1977).¹

In the above-captioned case, the petitioner, in his prayer for relief, uses his often-repeated phrase "K-DLLL." *See also* plaintiff's Answer to Court's Special Interrogatory (Entry No. 2) in *Quintin Littlejohn v. Bill Clinton, et al.*, Civil Action No. 6:01-2285-13AK, where in the

---

¹The order of pre-filing review was entered on July 10, 1998, by the Honorable G. Ross Anderson, Jr., United States District Judge, in *Quintin Littlejohn v. William J. Clinton*, President of the United States, Civil Action No. 6:98-1169-13AK. Judge Anderson's order authorizes the Clerk's Office to assign civil action numbers to the petitioner's pleadings for docket control purposes.

petitioner, in response to a Special Interrogatory from this court, explained what the acronym "K-DLLL" meant. The acronym "K-DLLL" stands for "Kosovo Doctrine Littlejohn Litigation Law."

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Section 2241 petition is characterized by what some courts have described as "buzzwords." *See Coghlan v. Starkey*, 852 F.2d 806, 812-816 (5th Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F. Supp. 696, 702 (E.D. Tex. 1989); *Stafford v. Ellis*, Civil Action No. 89 N 1676, 1992 U.S.Dist. LEXIS 12007 (D. Colo. 1992);[4] *Yocum v. Summers*, No. 91 C 3648, 1991 U.S.Dist. LEXIS 12091, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. New York Stock Exchange*, 1989 U.S. Dist. LEXIS 8141, 1989 WL 82007 (N.D.Ill., July 10, 1989);[5] *Peebles v. National Collegiate Athletic Association*, Civil Action No. 3:88-2463-16(H), 1988 U.S.Dist. LEXIS 17247 (D.S.C., Nov. 1, 1988) (magistrate judge's Report and Recommendation), *adopted*, 723 F. Supp. 1155 (D.S.C. 1989), *affirmed*, No. 89-2344, 887 F.2d 1080 [Table], 1989 U.S. App. LEXIS 14193, 1989 WL 117826 (4th Cir., Sept. 21, 1989); *United States v. Messimer*, 598 F. Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *U.S.A. ex rel. Cole v. La Vallee*, 376 F. Supp. 6, 12 (S.D.N.Y. 1974); and *Sauers v. Commissioner*, 771 F.2d 64, 66 (3rd Cir. 1985). In fact, the petition in the case at bar is somewhat similar to the *pro se* pleadings filed by a litigant in *Bryant v. U Haul*, Civil Action No. 93-6892, 1994

---

[4] No WESTLAW citation is available for this case.

[5] *See also McCutcheon v. New York Stock Exchange*, No. 88 C 9965, 1994 WL 13766 (N.D. Ill., Jan. 14, 1994).

3

U.S.Dist. LEXIS 2189, *2, 1994 WL 67803 (E.D. Pa., Feb. 25, 1994) ("Aside from these slight variations, each complaint consists merely or an unintelligible recitation of unconnected names and places or similar gibberish."). *See also Lindsay v. Mid-Continent Fed. S&L Ass'n*, No. 95-1086-PFK, 1995 U.S.Dist LEXIS 5764, 1995 WL 254261 (D. Kan., April 26, 1995); and *cf*. In Re *Urcarco Securities Litigation*, 148 F.R.D. 561, 566 (N.D. Tex. 1993), *affirmed*, *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994).

Since the petitioner is residing at his home in Gaffney, South Carolina, he is obviously not in custody. It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2241(c); and *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3rd Cir. 1984), which relies on an earlier case, *Carafas v. La Vallee*, 391 U.S. 234, 238 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas v. Vallee*, 391 U.S. at 238. *See also Garlotte v. Fordice*, 515 U.S. 39, 43-47 (1995).

The forced medication claims raised in the above-captioned case, however, are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to only in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991); or unsuccessful attempts to overturn federal convictions, *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002). Since some of

4

the allegations raised by the petitioner in the above-captioned case are facially-valid civil rights claims,[6] the civil rights claims in this § 2241 action can be properly raised in a civil rights action.

The petitioner alleges that the forced medication caused him to plead guilty. This issue, which would be cognizable pursuant to 28 U.S.C. § 2254, is obviously not exhausted. If the guilty plea was entered in the Court of General Sessions for Cherokee County, the petitioner can challenge the voluntariness of the guilty plea by filing an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq*. (Westlaw 2010). If the guilty plea was entered in the Municipal Court for the City of Gaffney, the petitioner may use South Carolina's post-conviction relief process for a conviction entered in a municipal court or in a county magistrate's court. *Talley v. State*, 371 S.C. 535, 640 S.E.2d 878 (2007).

The petitioner refers to P. L. 1-104. There no federal Public Law with that number. The petitioner may be referring to Section 1-104 of the Uniform Commercial Code, which some prisoners have unsuccessfully attempted to utilize in habeas petitions. *See Clark v. Romanowski*, No. 1:07-cv-1061, 2008 U.S. Dist. LEXIS 53332, 2008 WL 2757805, *2 (W.D. Mich., July 14, 2008) ("Uniform Commercial Code §§ 1-104, 10-104 and 3-419 simply do not provide for his release from custody").

The petitioner seeks damages "in pure Gold and Silver" in this habeas corpus action. Monetary damages are not available in a habeas corpus action. *See, e.g., Abreu v. Barnes*, Civil Action No. 08-3013 (WJM), 2009 U.S. Dist. LEXIS 7920, 2009 WL 260796, *4 (D.N.J., Feb. 4, 2009) ("In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in *Preiser*, whether a prisoner could challenge the constitutionality of his conviction

---

[6]Forced medication claims are evaluated pursuant to the holding in *Washington v. Harper*, 494 U.S. 210, 222 (1990) (setting standard for review of forced medication claims).

5

in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding."); and *Lyons v. U.S. Parole Comm.*, Civil Action No. 3:08CV342, 2009 U.S. Dist. LEXIS 5996, 2009 WL 211583 (E.D. Va., Jan. 28, 2009) ("Lyons also requests 'fair and just compensation for violating his constitutional rights .' (Mem. in Supp. of Writ of Habeas Corpus 14.) Monetary damages are not available in a habeas action. *See McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113 (4th Cir.2003) (No. 03-6455), *available at* 2003 WL 21236189, *1. His claims for monetary damages will therefore be DISMISSED.").

### *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondents to file an answer or return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

April 2, 2010                                                             s/William M. Catoe
Greenville, South Carolina                            United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).